

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 01 2023

KEVIN P WEIMER, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TAMIKA N. YOUNG

                Plaintiff.

       v.

HSMGA, INC. et al   *Alex Kemp*
*Marshia Coe*
*Kristy Hamilton*
*Vann*
*T. Ishmail*

*Ifeoma*
*Forest R.*    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Case No:**

**Cause of Action:**
1866 Civil Rights Act
Constitution/Bill of Rights
Breach of Contract

**1:23-CV-3410**

Demand Trial by Jury

## I.    COMPLAINT

PLAINTIFF, proceeding Pro Se, brings this complaint against DEFENDANT(S) in the jurisdiction of the courts as follows: Plaintiff TAMIKA N. YOUNG, Dialysis Finance Coordinator, file this action against Health Systems Management GA, Inc./ HSMGA, INC. Plaintiff is seeking judgement for Discrimination under 1866 Civil Rights Act and The CONSTITUTION of the UNITED STATES. Plaintiff request that the Constitution be followed as it is written. Plaintiff should have never been suspended nor terminated because of Plaintiffs' core values and right to practice her beliefs or religion. Plaintiffs' rights were not protected under the Constitution, **First Amendment**: Congress shall make no law respecting an establishment of religion

1

or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for redress of grievances. Plaintiff deserves the right to have guaranteed liberties such as freedom of religion, rights to her own body and to make decisions as Plaintiff sees appropriate for herself. Plaintiff also has the right to earn a living without harassment, intimidation, coercion, and bribery. **Fourth Amendment**: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Plaintiff was not protected under the Constitution. Defendant(s) knowingly violated Plaintiffs' Constitutional rights. Plaintiff, publicly notified Defendant(s), via exemption/ contract, stating Plaintiff will not take the COVID-19 vaccine nor test every week, in which exemption was granted, however Plaintiff was terminated causing a breach of contract. Defendant(s) refuse to honor Plaintiffs' exemption/contract after it was granted. Plaintiff is allowed to enforce contract and sue according to the 1866 Civil Rights Act. The following claims will show that Defendant(s) actions were negligent and injurious to Plaintiff, as well as causing defamation of character, stating plaintiff did not follow COVID-19 policies. Records will show that Defendant(s) violated

Health Insurance Portability Accountability Act (HIPAA) law.

**The Defendant(s) acted with "Deliberate indifference to the Constitution" or the law.**

## II.    Stating a Claim upon which Relief can be Granted

1. On December 11, 2020, Plaintiff received an email from Kristy Hamilton (Department Manager) asking how many of the staff members in the Finance Department would like to take the Vaccine. Plaintiff told Kristy she was not interested in getting the vaccine.

2. Plaintiff received an email on March 16, 2021, from Marshia Coe (Chief Operating Officer) to attend a COVID Vaccine Education via Conference call on the same day (March 16, 2021).

3. On July 23, 2021, Plaintiff received the first letter stating that all HSMGA, INC. Staff would need to be vaccinated or submit an exemption request.

4. On August 10, 2021, HSMGA, INC. and Wake Forrest had a phone conference call meeting, with the Medical Director of Wake Forrest to talk about reasons you should be vaccinated. The call was intimidating and hostile due to the sound of the presenter's tone in his voice.

5. Plaintiff received an email on August 11, 2021, from Kristy Hamilton (Department Manager) to sign HSMGA, INC. Vaccine Requirement Acknowledgement form, Plaintiff respectfully decline due to the forms

being a legal binding agreement/ contract. Kristy Hamilton later emailed Plaintiff again, asking Plaintiff to have two co-workers to sign the acknowledgement forms, stating it was just to show that I, Plaintiff understand the forms, Plaintiff again refuse.

6. Plaintiff submitted her Exemption on August 17, 2021, in which Plaintiff explain and detail her spiritual beliefs as well as requests. Plaintiff continue to receive emails and threats of job posting concerning COVID-19 vaccines on weekly call meetings.

7. On August 26, 2021, HSMGA, INC. and Wake Forrest had another conference call meeting with the Medical Director of Wake Forrest to explain and answer questions concerning COVID-19. This call was intimidating, alone with using coercion and bribery. **Coercion-** the practice of persuading someone to do something by using force or threats, or other unethical means. **Bribery-**the giving or offering of a bribe, bribery refers to the offering, giving, soliciting, or receiving of any item of value as a means of influencing the actions of an individual. I, Tamika N. Young, Plaintiff received a letter from Defendant(s) on August 8, 2021, stating that **ALL** HSMGA, INC. employees would receive $500.00 dollars for being fully vaccination with the COVID-19 vaccine. Plaintiff also received emails from Department Manager Kristy Hamilton enforcing the Coercion and Bribery

4

for the COVID-19 vaccination.

8. On September 8, 2021, Plaintiff received an email from T. Ishmail (Regional Clinical Administrator) with Marshia Coe and Ifeoma (Facility Manager) CC on the email asking Plaintiff to sign a COVID-19 Vaccination Requirement Religious Exemption Request Form, T. Ismail stated, Plaintiff quote "they cannot move forward without the form." I, Tamika N. Young, Plaintiff respectfully decline because Plaintiff already submitted exemption request in full details. Plaintiff stated in email to T. Ishmail and Marshia Coe that I, Plaintiff did not feel comfortable completing the forms. Plaintiff stated that the forms are a legal and binding document and or contract that Plaintiff did not agree with.

9. On September 9, 2021, I, Tamika N. Young, Plaintiff was met with confrontation from co-workers Forest R. and the Facility Manager Ifeoma. I, Plaintiff walked into the facility going to my office with Forest behind me, as we walked into the main business office, Forest and Plaintiff were met by Laura O. and Ifeoma who was already in the office, Plaintiff greeted the two and went into her office, Plaintiff could hear Forest say to Ifeoma Grady hospital was not doing any surgeries due to COVID-19 I, Plaintiff continue to mind my business, Plaintiff hears Ifeoma respond to Forest saying people should get the vaccine and that this COVID-19 would be gone

by now, Ifeoma went on to impose a question, stating, Plaintiff quote, "why are people so foolish, just take the vaccine my goodness." Forest agreed and started talking about how the unvaccinated were dying and spreading COVID. Plaintiff responded by stating that vaccines do not protect you, but why are you worried about the unvaccinated, if you are vaccinated you should be protected. Ifeoma stated that she was not talking to Plaintiff, Plaintiff then stated no you were talking about me. Forest and Ifeoma continue to talk about smallpox vaccine as they both walked out of the office. Ifeoma knew that Plaintiff was not vaccinated because Ifeoma was CC on an email the day before this incident occurred. That same day Ifeoma call T. Ishmail and stated Plaintiff was holding meetings with other staff members coercing staff not to take the vaccine, Vann's (HR Manager) investigation into this was found not to be true. Plaintiff had to call Kristy the Manager and explain the incident that occurred, Plaintiff had to leave work that day, Plaintiff could not stay due to all the emotions that I, Plaintiff was feeling. Plaintiff also called Vann (HR Manager) to report the incident. Plaintiff has a full detailed letter of this call and meeting. In July 2021, Plaintiffs' information concerning Immunization record status was compromised by Defendant(s) without Plaintiffs' knowledge or consent. Plaintiff was approached by Ifeoma the facility Manager asking if Plaintiff had any signs and symptoms to the COVID-19 vaccine, Plaintiff responded and stated that I, Plaintiff did not get the COVID-19 vaccine, in

6

which Ifeoma responded and stated that we have you (Plaintiff) in the Georgia Registry of Immunization Transactions and Services (Grits) as receiving the COVID-19 vaccine. I, Plaintiff again, stated that it was not me and that maybe Ifeoma looked up the wrong person because I, Plaintiff never received the COVID-19 vaccines. Ifeoma stated that the system is a government website and the information had to be right. Plaintiff had to call Grits and request a printout showing that Plaintiff never received a COVID-19 vaccine, only to hear later that day from Ifeoma stating that I, Plaintiff was right, I never received the COVID-19 vaccine. The next day T. Ishmail came over to the Candler Road location and stated that they (Defendant(s) had the wrong information and that it was not me (Plaintiff). Plaintiff never received the vaccine. I, Plaintiff never gave anyone permission/consent to search for my information in the Grits database nor did I, Plaintiff have knowledge of this.

10. On September 20, 2021, I, Plaintiff emailed Vann (HR manager) to follow up on the investigation concerning the incident that happen on September 9, 2021. Vann stated he had received my letter that I, Plaintiff emailed him explaining the details of September 9, 2021. Vann requested that Plaintiff explain every detail in a letter. Vann stated he would call me (Plaintiff), later that week.

11. On September 21, 2021, I, Plaintiff received another email about

7

COVID-19 vaccination requirements and exemption process and where to submit exemption request. *Note: I, Plaintiff submitted my exemption request on August 17, 2021to Marshia Coe (Chief Operating Officer) and Kristy Hamilton (Department Manager). At this time, I, Plaintiff, was waiting for my exemption to be granted so that I could be exempt.

12. Plaintiff received an email on September 23, 2021, from Kristy Hamilton stating that the deadline for receiving the $500.00 payment for receiving the vaccine had been extended to 10/22/2021 for both Wake Forest and/ HSMGA, INC. Defendant(s) employees. **Coercion and Bribery**

13. On September 27, 2021, I, Plaintiff received an email from T. Ishmail stating my exemption was granted. I, Plaintiff was terminated due to not receiving the vaccine or weekly testing after explaining in full details in my exemption/contract letter that I, Plaintiff would not receive the vaccine nor participate in weekly testing due to my beliefs. Plaintiff knew that her employment and position were secure, Plaintiff did all that was asked/ necessary of her by submitting her exemption in full details in which Defendant(s) granted/ agreed to, making Plaintiff's exemption a legal and binding agreement contract document, indicating the transaction was one of serious business.

14. On October 01, 2021, I, Plaintiff had a phone conference with Vann and Kristy, concerning the incident that occurred on September 9, 2021. I, Plaintiff requested from Vann a full detailed report of the investigation into the incident and was told over the phone it would not be a problem with getting a full report of the investigation, only later to be told on October 21, 2021 that I, Plaintiff would not be getting a report of the full completed investigation in an email.

15. Conversations would continue during our weekly phone meetings about COVID-19 and getting the vaccine.

16. Plaintiff was suspended on November 01, 2021, without pay due to not getting the COVID-19 vaccine or testing after exemption/contract was granted. I, Plaintiff return to work on November 15, 2021, I was terminated the same day due to not getting the COVID-19 vaccination and not doing the weekly testing. I, Plaintiff explained my reasons in my exemption that was fully granted. I, Plaintiff also requested in my exemption the option to work from home. I, Tamika N. Young Plaintiff was exempt from being vaccinated and tested due to my exemption being granted. **Exempt meaning: Free from an obligation or liability imposed on others.** Defendant(s) stated that I, Plaintiff was terminated because I, Tamika N. Young Plaintiff, did not

9

comply with company policy regarding COVID-19 vaccinations and testing. Defendant(s) never had a policy concerning COVID-19. *Note: On October 1, 2021, Vann from Human Resources stated that HSMGA, INC./ Defendant(s) were just following recommendations from the CDC and FDA.

17. On November 15, 2021, Plaintiff learned that co-workers in the same department were granted the full ability to work remotely from home and provided each employee in the Finance department with their own laptop computer. Plaintiff was denied the same opportunity as Plaintiff's counterparts to work from home after Plaintiff's exemption/ contract was granted. *Note March of 2020, Plaintiff and Plaintiff's counterparts had been working from home for over a year but was called back to work in the office on June 1, 2021. Defendant(s) breached the contract with the Plaintiff. Defendant(s) stated in their Personnel Policies AND PROCEDURES to ensure that equal rights opportunities are without discrimination or harassment based on race, color, religion, sex, sexual orientation, Gender identity or expression, age, disability, marital status, citizenship, genetic information, or any other characteristic protected by law and the statement goes on to say Health Systems Management prohibits any such discrimination or harassment.

10

## III.   **INJURIES**

Plaintiff is entitled to monetary relief because, Plaintiff sustained injuries in the following ways: Plaintiff was disrespected, character was defamed, intimidated, harassed, Bribed, coerced, wrongfully termination/breach of contract and made to feel ashamed, so much so that Plaintiff had to leave work due to stress and feeling a lot of mixed emotions. Plaintiff would arrive to work feeling sick to her stomach due to the uncertainty of her job and income. Defendant(s) negligence caused injury to the Plaintiff by not honoring and respecting Plaintiffs rights as stated in the United States Constitution/ Bill of rights and 1866 Civil Rights Act. Defendant(s) negligence actions cause Plaintiff to suffer physical and emotional damage such as: mental anguish, anxiety, grief, sleepless nights, headaches, due to stress, feeling of distress (in a continent state of fight or flight response), crying spells and anger, loss of interest in Plaintiffs' day-to-day life such as activities. Defendant(s) caused Plaintiff hardship; Plaintiff went from living a comfortable lifestyle, being able to support herself to having a depleted savings account due to no income, having to ask family members for help with monthly expenses, and having to apply for food stamps etc. As a result of Defendant's negligent conduct stated above Plaintiff suffer lost wages and earnings due to breach of contract. Plaintiff still has not found employment to support her lifestyle. Plaintiff is seeking relief for punitive damages from Defendant(s) for willingly and knowingly going

11

against the United States Constitution violating Plaintiffs' rights.

## IV.    RELIEF

Plaintiff request that judgement for monetary relief be granted due to Defendant(s)

violating Plaintiffs' Constitutional Rights. This case is brought forth to enforce

Defendant(s) to honor the 1866 Civil Rights Act, Constitutional rights and

Plaintiff's exemption/ contract. Plaintiff also request the Courts to order

Defendant(s) to reinstate Plaintiff employment with seniority, to

also include raises and bonus missed, and vacation time etc. prior to the violation

of Plaintiffs' rights. Plaintiffs request that the Court orders Defendant(s) to pay all

court costs and fees. Plaintiff request that the court award all monetary relief in the

amount of *$5,102,873.60 Five million dollars, one hundred two thousand, eight

hundred seventy-three and 6 tenths dollars*. For all injuries and damages

sustained by the Defendant(s). **The Defendant(s) acted with "Deliberate

indifference to the Constitution" or the law(s).**

## V.    Civil monetary damages claims,
**penalties, for violations of plaintiff's Constitutional Rights.**

1. **General Damages**
   The pain and suffering from the defendant's egregious actions has caused

   permanent limitations on plaintiffs' way of life and the ability to sustain the

lifestyle plaintiff has earned before egregious actions from the Defendant(s) which has caused much grief. Plaintiff seeking *$2,000,000. Two million Dollars* for pain and suffering, and mental anguish.

## 2. <u>Special Damages</u>

Compensation for plaintiffs' loss of income Yearly salary for two years

*$51,436.8 x 2 = $102,873.6. One hundred two thousand, eight hundred seventy-three and sixth tenths* Dollars for loss of income.

## 3. <u>Punitive Damages</u>

Monetary damages for Defendant(s) intentionally and recklessly injury Plaintiff.

Plaintiff seeking *$3,000,000. Three million dollars* for defendants' negligence actions towards the plaintiff.

**Civil monetary damages total** *$5,102,873.60. Five million dollars, one Hundred two thousand, eight hundred seventy-three and 6 tenths dollars.*

## VI. STATEMENT OF JURISDICTION

Jurisdiction and venue in this Court are proper per THIRTY-NINTH.

CONGRESS Session I. Chapter 31. April 9, 1866, Civil Rights.

Constitution of The UNITED STATES/ Bill of Rights

13

## VII. Certification and Closing

Under Federal U.S Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly to increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;(3) the factual contentions have evidentiary support, or if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    08/01/2023

Signature of Plaintiff    _Tamika N. Young_

Printed Name of Plaintiff    _Tamika N. Young_

14

**This matter is before the Court on the 1st day of August 2023.**


/s/Tamika N. Young
*Pro Se*

*Tamika N. Young (Pro Se Plaintiff)*

75 Helm Drive
Covington, Georgia 30014
Tamika_700@hotmail.com
678-477-1879

15